UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06 C 2863 |
| | ) | |
| GMAC MORTGAGE CORPORATION, | ) | |
| BALBOA INSURANCE COMPANY, and | ) | Judge Darrah |
| BALBOA INSURANCE GROUP, INC., | ) | Magistrate Judge Brown |
| | ) | |
| Defendants. | ) | |

**DEFENDANT GMAC MORTGAGE CORPORATION'S MOTION TO DISMISS**

Defendant GMAC Mortgage Corporation ("GMACM"), by its attorneys, hereby moves this Court pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the plaintiff's Complaint because it fails to state any claim against GMACM. In support of its Motion, GMACM states as follows:

**NATURE OF MOTION**

This case arises out of a mortgage loan between the plaintiff and his lender NHLC. GMACM was the servicer of this loan for a portion of the time it was outstanding. The loan agreement between the plaintiff and NHLC required the plaintiff to maintain hazard insurance on the real estate securing that loan, and if the plaintiff failed to provide proof of this insurance, the mortgagor could obtain insurance for the property and include the cost of the premiums in the plaintiff's mortgage payment. The plaintiff refers to this as "force placing" insurance. Plaintiff claims that the defendants force placed insurance on him even though the defendants knew or should have known that he already had hazard insurance in place.

The plaintiff's Complaint should be dismissed for three reasons. First, the plaintiff does not allege how any of the defendants' alleged conduct was the proximate cause of any damage he

CHI1 1217053v5

allegedly suffered. Specifically, the plaintiff does not allege that he actually paid any premiums, or any other charges, for the force placed insurance, and does not allege how any other alleged damages are the result of the alleged force placement. Second, the plaintiff's claim for violation of the Illinois Consumer Fraud Act in Count II is deficient because it does not allege GMACM's specific role in any alleged fraud, and because it does not allege that he was actually deceived by any of GMACM's alleged misrepresentation. Finally, the plaintiff fails to state a claim for breach of contract against GMACM in Count I because GMACM is not alleged to be a party to any contract with the plaintiff and because the plaintiff has alleged facts showing that he satisfied all the conditions precedent to performance in the contract.

## ALLEGATIONS OF THE COMPLAINT[1]

On June 11, 2004, the plaintiff obtained a mortgage loan from 4UDirect, Inc. d/b/a Nations Home Loan Connect ("NHLC"), secured by a lien on certain real estate located in Homewood, Illinois. Complaint, ¶ 7. The loan agreement required the plaintiff to maintain hazard insurance on this real estate and to name both NHLC and Impac Funding Corporation ("Impac") as loss payees on that policy. *Id.*, ¶ 10. However, the insurance policy attached to the Complaint only named NHLC as a loss payee. Complaint Exhibit E, p.1.

In 2005, the servicing of the plaintiff's loan was transferred to GMACM. Complaint, ¶ 14. GMACM is not alleged to have ever been a party to the loan agreement with the plaintiff. As servicer, GMACM is alleged to have entered into an agreement with Balboa Insurance Group ("BIG") under which Balboa Insurance Company ("Balboa") would "provide force placed insurance on accounts serviced by GMACM, and Balboa and/or BIG would provide 'insurance outsourcing functions,' including insurance tracking services, which involve determining

---

[1] Allegations in the plaintiff's Complaint are assumed to be true for purposes of this Motion only.

whether a borrower on a loan serviced by GMACM has hazard insurance, data maintenance, electronic data processing, customer service, and online claims service." *Id.,* ¶ 25. The plaintiff does not allege what, if any, role or responsibility GMACM retained for "force placing" insurance under the outsourcing agreement with BIG.

The plaintiff alleges that the defendants force placed an insurance policy upon him. After May 18, 2005, the plaintiff allegedly received a letter from GMACM stating that insurance had been obtained from Balboa for the plaintiff's property. *Id.*, ¶ 15. Plaintiff admits that this insurance was subsequently cancelled, and plaintiff does not allege that he ever paid any premiums or fees in connection with that insurance. *Id.,* ¶16. The plaintiff further alleges that at some point after November 13, 2005, he received another letter from GMACM stating that insurance once again had been obtained from Balboa for plaintiff's property. *Id.,* ¶ 20. Again, the plaintiff does not allege that he ever paid any premiums or fees in connection with this force placement of insurance. Although the plaintiff also alleges that he received notices that his mortgage was in default, he does not allege that this default was in any way caused by the alleged force placement of insurance. *Id.*, ¶¶ 22-23. Indeed, the exhibits attached to the plaintiff's Complaint show that the plaintiff's mortgage was in default as early as July 1, 2005, months before the force placement that allegedly occurred on November 13, 2005. Complaint, Exhibit K. The plaintiff alleges that he eventually paid off his mortgage "under protest" due to the fees relating to his default and an alleged prepayment penalty. Complaint, ¶ 29. However, the plaintiff does not allege that any of the default fees or prepayment penalties were caused by, or had anything to do with, the alleged force placed insurance.

## ARGUMENT

The plaintiff's complaint should be dismissed because the plaintiff fails to allege that GMACM's conduct proximately caused him any damages. Plaintiff's claim under the Illinois

3

Consumer Fraud Act ("ICFA") should also be dismissed because it does not allege how GMACM was involved in any allegedly fraudulent conduct, and because it fails to allege that the plaintiff was actually deceived by any alleged misrepresentation. Plaintiff's breach of contract claim should be dismissed because GMACM is not alleged to be a party to any contract with the plaintiff, and because the plaintiff failed to satisfy a condition precedent to the loan agreement by failing to name Impac as a loss payee on the plaintiff's insurance policy.

I. **PLAINTIFF DOES NOT STATE A CLAIM FOR BREACH OF CONTRACT OR CONSUMER FRAUD BECAUSE PLAINTIFF DOES NOT ALLEGE THAT GMACM'S CONDUCT CAUSED PLAINTIFF TO SUFFER DAMAGES.**

Damages and proximate causation are required elements for the claims for both breach of contract and violation of the ICFA. Priebe v. Autobarn Ltd, 240 F.3d 584, 587, 588 (7th Cir. 2000) (An element of a breach of contract claim is "a resulting injury to the plaintiff" and an element of an ICRA claim is "that the defendant's deception resulted in damages."). Even under liberal pleading requirements, bare allegations of damage are insufficient; some allegations regarding the nature of the alleged damages are required. Juno Online Services v. Juno Lighting, Inc., 979 F. Supp. 684, 690 (N.D. Ill. 1997) (granting motion to dismiss for failure to allege sufficiently damages and holding that "In its amended complaint, plaintiff does claim that Juno Lighting's actions has [sic] injured plaintiff, however, *it does not state what those injuries are*. . . . Conclusory allegations of damage are not enough to support a damage claim . . . ) (emphasis added); see also Xydakis v. Target, 333 F. Supp. 2d 683, 685 (N.D. Ill. 2004) (granting motion to dismiss claim under ICFA because plaintiff "fails to allege any actual damages caused by defendant's acts.")

The Seventh Circuit affirmed the dismissal of a claim for failure to properly allege damages in Cleveland v. Rotman, 297 F.3d 569 (7th Cir. 2002). In Rotman, the plaintiff (the decedent Cleveland's estate) sued a former attorney for malpractice, alleging that bad legal

4

advice had triggered an IRS tax audit. Rotman, 297 F.3d at 572. Plaintiff was unable to allege, however, how the tax audit caused plaintiff any financial damages, and the Seventh Circuit affirmed the dismissal of the malpractice claim for failure to allege damages:

> The estate's next argument is that the district court erred in dismissing its claim for financial damages because the estate failed to plead damages with specificity. Cleveland's estate alleges that, by triggering the IRS audit, Rotman's allegedly erroneous tax advice caused Cleveland to lose his social security income. Yet, the estate's complaint also alleged that the IRS began confiscating Cleveland's social security income in 1991, 5 years before Rotman was retained to give tax advice. Additionally, Cleveland's estate ***failed to allege how the impending IRS audit resulted in other financial damages***. Therefore, because the estate failed to allege an adequate factual basis for its damages claim, the district court properly dismissed it.

Id. at 575 (emphasis added).

Like the plaintiff in Juno, Plaintiff in this case makes only conclusory allegations of damages and does not state what damage Plaintiff actually suffered. See, Complaint, ¶¶ 21, 40, 49. Although the plaintiff alleges that insurance was wrongfully force placed on him, he does not allege that he ever paid any premiums or other charges associated with that insurance. Indeed, the plaintiff concedes in his Complaint that the first incident of alleged force placement was cancelled, and any charges that had been assessed to Plaintiff (no such charges are alleged) were credited to Plaintiff's account. Complaint, Exhibit G. In short, the plaintiff does not allege that he ever paid any money for the insurance that he alleges was wrongfully force placed on his property. Thus, plaintiff has made no allegation of damage.

Plaintiff does make a reference to the fact that Plaintiff's mortgage went into default, but he never connects this allegation to the alleged force placement of insurance. The court in Rotman held that the plaintiff failed to allege how the loss of social security payments were connected to the alleged malpractice because the loss of payments began prior to the alleged malpractice. Similarly, the exhibits attached to the Complaint in this case indicate that the

5

alleged mortgage default began months prior to the second alleged force placement of insurance.[2] Thus, the plaintiff simply does not allege how the mortgage default or alleged pre-payment penalties were caused by the alleged force placement of insurance. Thus, as was the case in Rotman, plaintiff fails to allege *how* the alleged force placement of insurance caused him any damage, and therefore, the Complaint should be dismissed.

## II.     PLAINTIFF DOES NOT STATE A CLAIM FOR CONSUMER FRAUD AGAINST GMACM.

In addition to the argument above, which applies equally to Plaintiff's breach of contract and ICFA claim, Plaintiff's claim under the ICFA must be dismissed for two additional reasons.

### A.     Plaintiff does not allege how GMACM was involved in the allegedly fraudulent conduct.

In order to allege a violation of the ICFA, the plaintiff must allege facts showing that GMACM directly participated in the fraud—it is not sufficient to allege that it knowingly received the benefits of a fraud committed by another. Jackson v. South Holland Dodge, Inc., 197 Ill.2d 39, 52 (Ill. 2001) ("the Consumer Fraud Act does not provide a cause of action against those who knowingly receive the benefits from the person committing a violation of the Act."); citing Zekman v. Direct Am. Marketers, Inc., 182 Ill.2d 359, 370 (Ill. 1998). Moreover, these allegations must be pleaded with the particularity required by Rule 9(b), which in such cases as this where there are multiple defendants, requires the plaintiff to plead specific facts as to each defendant—it is impermissible to lump defendants together. Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 778 (7th Cir. 1994).

Here, the plaintiff does not plead with any specificity what GMACM's role was in connection with the alleged deceptive conduct. In several paragraphs of the Complaint, the

---

[2] The first incident of alleged force placement is also unrelated to the default because the force placement was cancelled and any charges were credited to plaintiff's account. (Plaintiff's Complaint, Ex. G).

6

CHI1 1217053v5

plaintiff alleges facts as to the "Defendants"—improperly lumping all the defendants together. Complaint, ¶¶ 44-45. When the plaintiff does refer to GMACM, he describes GMACM's role as "allowing" BIG and Balboa to force place the insurance. *Id.,* ¶ 46. Plaintiff also alleges that GMACM outsourced insurance-related duties to Balboa and BIG, which further confuses the issue of what direct role, if any, Plaintiff alleges GMACM played in the alleged force placement of insurance. *Id.*, ¶ 25. At most, Plaintiff has alleged that GMACM received some benefit[3] as a result of the alleged force placement.

This, however, is not sufficient to state a claim under the ICFA. For example, in Zeckman, the plaintiff alleged that he was fraudulently induced to call a "1-900" phone number by the misleading advertising of defendant Direct American. The plaintiff also sued AT&T, who allegedly was aware of the content of Direct American's advertising and who nonetheless billed plaintiff for the phone calls, and retained a portion of the plaintiff's payments for those calls. Zekman, 182 Ill.2d at 363-364. The court held that plaintiff did not state a cause of action against AT&T under the ICFA because the "plain language" of the statute "does not include anything that makes it unlawful to knowingly receive the benefits of another's fraud." *Id.* at 369. Rather, the court held, the ICFA only applies to "actions directly done by the perpetrator of the fraud." *Id.* at 370.

Here, the plaintiff at most alleges that GMACM sent certain letters to Plaintiff regarding the force placement of insurance. Just as the bills that AT&T sent in Zekman were not sufficient to show that AT&T was a direct participant in the alleged fraud, the allegation that GMACM sent letters in this case does not allege that GMACM was a direct participant in the alleged fraud

---

[3] Indeed, as discussed above, there is no allegation that the plaintiff ever paid GMACM any insurance premium or other fees relating to the force placed insurance. Thus, even if the mere receipt of a benefit as a result of an alleged fraud were sufficient to state a claim under the ICFA, the plaintiff has not even met this pleading burden.

7

involving force placed insurance. Quite simply, Plaintiff does not allege that GMACM had any role in the force placed insurance beyond sending the letters attached to Plaintiff's Complaint. This is insufficient, and Plaintiff's claim under the ICFA should be dismissed.

### B. Plaintiff does not allege that he was misled by GMACM's alleged conduct.

In order to properly state a claim under the ICFA, the plaintiff must also allege facts showing that he was actually deceived by the defendant's alleged misrepresentation. Avery v. State Farm Mut. Auto Ins. Co., 216 Ill.2d 100, 203 (Ill. 2005) (holding that there can be no proximate cause where plaintiff was not actually deceived by defendant's alleged misrepresentations, stating that "Because he was not deceived by State Farm, DeFrank failed to establish the proximate causation necessary to recover under the Consumer Fraud Act."); Shannon v. Boise Cascade Corp., 208 Ill.2d 517 (Ill. 2004) (affirming summary judgment in favor of defendant on ICFA claim and holding that "deceptive advertising cannot be the proximate cause of damages under the Act unless it actually deceives the plaintiff").

Here, the plaintiff does not allege any facts showing he was deceived by GMACM's alleged statements: the plaintiff does not claim that after receiving any letter from GMACM he believed that he did not possess hazard insurance or that he was otherwise misled in any way by any alleged misrepresentations. Similarly, the plaintiff does not allege that he paid any insurance premiums or other fees as a result of any alleged misrepresentations, or that the alleged misrepresentations caused him damages in any way. Since the plaintiff does not allege facts satisfying the element of proximate cause under the ICFA, his ICFA claim should be dismissed.

### III. PLAINTIFF'S BREACH OF CONTRACT CLAIM MUST ALSO BE DISMISSED.

In addition to Plaintiff's failure, discussed above, to allege that GMACM's conduct was a proximate cause of any alleged damages, Plaintiff's claim for breach of contract must be dismissed for two additional reasons.

**A.     GMACM cannot be liable for a breach of the loan agreement because GMACM is not a party to the loan agreement.**

It is axiomatic that "an action on a contract cannot be maintained against a person who is not a party to the contract." 17B C.J.S. Contract, §630 (West 2006). See also, Credit General Ins. Co. v. Midwest Indemnity Corp., 916 F. Supp. 766, 772 (N.D. Ill. 1996) ("The AMC Defendants do not provide caselaw to support a finding that a non-party to a contract can breach that contract. In fact, such a claim is ludicrous.") Here, the plaintiff alleges that he entered into a loan agreement with NHLC. Complaint, ¶7. Although Plaintiff alleges that GMACM was responsible for servicing the loan, Plaintiff does not claim that GMACM was a party to the loan agreement. As such, GMACM cannot be liable for any alleged breach of that agreement and Count I of the plaintiff's Complaint should be dismissed.

**B.     Plaintiff cannot state a claim for breach of contract because plaintiff's complaint demonstrates that plaintiff has not performed all required contractual conditions.**

In order to properly plead a claim for breach of contract, the plaintiff must allege, *inter alia*, that he has performed all required contractual conditions. Tibor Mach. Products, Inc. v. Freudenberg-NOK General Partnership, 967 F. Supp. 1006 (N.D. Ill. 1997) ("To prevail on a claim for breach of contract under Illinois law, a plaintiff must establish 'an offer and acceptance, consideration, definite and certain terms of the contract, plaintiff's performance of all required contractual conditions, the defendant's breach of the terms of the contract, and damages resulting from the breach.'"), citing, Aardvark Art, Inc. v. Lehigh/Steck-Warlick, Inc., 284 Ill. App. 3d 627 (1996).

In this case, Plaintiff acknowledges that he was required under the loan agreement to name both NHLC and Impac as loss payees on his insurance policy. Complaint, ¶10. The insurance policy attached to the Complaint, however, shows that only NHLC was named as a

9

loss payee. Complaint Exhibit E, p. 1. Regardless of what Plaintiff alleges, exhibits to a Complaint control over any inconsistent allegations in the Complaint. Thompson v. Illinois Dep't. of Prof. Regulation, 300 F.3d 750 (7th Cir. 2002) (noting the "well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, *the exhibit trumps the allegations*.") (emphasis in original). Thus, this exhibit to the Complaint shows that the plaintiff failed to fully perform all required contractual conditions because he did not name Impac as an additional loss payee. For this additional reason, the breach of contract claim should be dismissed.

## CONCLUSION

For the foregoing reasons, this Court should grant GMAC Mortgage Corporation's motion and dismiss Plaintiffs' Complaint against GMACM with prejudice.

>                  GMAC MORTGAGE CORPORATION,
>
>              By:    /s/  Albert E. Fowerbaugh, Jr.
>                      One of Its Attorneys

Albert E. Fowerbaugh, Jr.
P. Russell Perdew
LORD, BISSELL & BROOK LLP
111 South Wacker Drive
Chicago, Illinois 60606
Phone:  312-443-1871
Fax:  312-8896-6571

CHI1 1217053v5

## CERTIFICATE OF SERVICE

I, Albert E. Fowerbaugh Jr., certify that on June 28, 2006, I served a true copy of the preceding document filed with the Court upon all counsel of record via the court's electronic filing system.

/s/ Albert E. Fowerbaugh, Jr.

CHI1 1217053v5