UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE PEREZ, ) | |
| ) | |
| Plaintiff, ) | No. 06 C 2863 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| GMAC MORTGAGE CORPORATION; BALBOA ) | |
| INSURANCE COMPANY; and BALBOA ) | |
| INSURANCE GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jose Perez, filed a class action suit against Defendants, alleging breach of contract against GMAC Mortgage Corporation and violation of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFDPA") against all Defendants. Presently before the Court is GMAC's Motion to Dismiss and Balboa Insurance Company and Balboa Insurance Group's (collectively, "Balboa") Motion to Dismiss.

A reading of the Class Action Complaint supports the following summary of the alleged operative conduct of the parties.

In June 2004, Perez obtained a mortgage loan from 4UDirect, Inc. d/b/a Nations Home Lending Center ("NHLC") for real estate in Homewood, Illinois. At or prior to closing on the mortgage, Perez provided NHLC with proof that the property was covered by a hazard insurance policy. The loan documents indicate that a portion of each monthly payment was to be paid into an escrow account for the payment of the hazard insurance premiums. NHLC also required that Perez's

insurance policy name NHLC as loss payee to insure that NHLC received notice if the insurance was cancelled after closing. Perez complied with all terms of the mortgage.

Prior to May 2005, the servicing of Perez's loan was transferred to GMAC. After May 18, 2005, Perez received a notice from GMAC that stated that GMAC had obtained insurance from Balboa for Perez's property. The Balboa insurance premium was four times the cost of Perez's own insurance. The effective date of the Balboa insurance was November 15, 2004.

After August 10, 2005, Perez received a notice from GMAC, stating that it had cancelled the "force placed" insurance with Balboa, effective November 15, 2004. Following September 25, 2005, Perez received another notice from GMAC that stated that it had no record that Perez's property was insured as of May 25, 2005. Between September 25, 2005 and November 13, 2005, Perez provided proof that the property was insured.

After November 13, 2005, Perez received a notice from GMAC that stated it had obtained insurance from Balboa for Perez's property. The effective date of the new insurance was May 25, 2005. When GMAC force placed the insurance, GMAC applied Perez's payments to the insurance costs rather than applying the payment against the principal and interest of the loan. After November 28, 2005, Perez received a letter from GMAC that stated that it was not accepting his mortgage payment. Perez has received multiple notices from GMAC that he was in default of his loan.

GMAC began forced placement of insurance no later than April 2003 when GMAC entered into an agreement with Balboa, whereby Balboa would provide force placed insurance on GMAC accounts and Balboa would provide "insurance outsourcing functions," including insurance tracking

-2-

services, data maintenance, electronic data processing, customer service, and online claims service. Balboa did not have access to GMAC's loan files. However, Balboa had a pecuniary interest in writing insurance; and they make money if a GMAC customer does not have insurance and the customer is force placed insurance with Balboa.

In reviewing a motion to dismiss, the court considers all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 713 (7th Cir. 2006) (*Walker*). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). A filing under the Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).

GMAC argues that both of Perez's claims should be dismissed because he has failed to adequately plead several elements of his claims, *i.e.*, damages and proximate cause, performance of his contractual duties. Perez need not plead specifics or the elements of his claim *See Kolupa*, 438 F.3d at 713 ("It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate.").

GMAC also argues that Perez's breach of contract claim should be dismissed because Perez failed to plead that GMAC was a party to the contract (loan agreement). Perez alleges that in early 2005, the servicing of his loan was transferred to GMAC. Drawing all reasonable inferences in the light most favorable to Perez, he has sufficiently plead that GMAC could be liable for a breach of contract of the loan.

All Defendants argue that Perez's ICFDPA claim should be dismissed because he failed to adequately plead that the Defendants engaged in any direct fraud and because he failed to meet the heightened pleading requirement in of Rule 9(b). Perez's ICFDPA claim alleges that the Defendants engaged in "unfair and deceptive acts and practices." Perez also states with some specificity each Defendant's conduct and the approximate time of such conduct. Some ICFDPA claims do not arise from fraud but arise from unfair and/or deceptive practices. *See Sotelo v. DirectRevenue, LLC*, 384 F. Supp. 2d 1219, 1234 (N.D. Ill. 2005) (*Sotelo*); *Strohmaier v. Yemm Chevrolet*, 211 F. Supp. 2d 1036, 1043-44 (N.D. Ill. 2001) (*Strohmaier*). Accordingly, allegations of direct fraud are not required; and the Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement for fraud

does not apply to those ICFDPA claims arising not from fraud but from unfair or deceptive practices. *See Sotelo*, 384 F. Supp. 2d at 1234; *Strohmaier*, 211 F. Supp. 2d at 1043-44. At this stage of litigation, Perez has adequately pled his ICFDPA claims against all Defendants.

For the foregoing reasons, Defendants' Motions to Dismiss are denied.

Dated: September 20, 2006

JOHN W. DARRAH
United States District Court Judge